# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEE ANN PIERCE,

     Plaintiff,

v.

TODD V. SWANSON,

     Defendant.

Case No. 2:04-CV-00353-KJD-LRL

**ORDER**

Currently before the Court is Plaintiff Lee Ann Pierce, as Chapter 7 Trustee of the Bankruptcy Estate of Richard Michael Jones', ("Plaintiff" or "Trustee") Motion to Prohibit Transfer or Distribution Pursuant to N.R.S. § 21.330 (#84).  Defendant Todd V. Swanson ("Swanson") filed a Response in Opposition (#91), to which Plaintiff filed a Reply (#93).  Also pending before the Court is Plaintiff's Motion to Interplead Avance Corporate Services PLLC ("Avance") (#85).  Defendant filed a Response in Opposition (#89), to which Plaintiff filed a Reply (#93).

**I. Background**

This action arises from Defendant's alleged non-payment of a $400,000 judgment in an underlying federal case in South Dakota, that was registered in this Court on February 17, 2004, pursuant to 28 U.S.C. § 1963.  (#1).  Shortly after registering the judgment, on September 3, 2004, the Court stayed the proceedings on the judgment collection (#32).  On November 19, 2004,

Defendant filed a Rule 60(b) Motion in the Federal District Court for the District of South Dakota in his underlying case.  Based, in part, on Defendant's Rule 60(b) Motion, the Court extended its stay on March 28, 2005.  (See #43.)  Richard Jones filed bankruptcy on May 5, 2005, and the Court again extended the stay on collection.  (See #52.)

During the stay of the judgment action here, the Trustee moved to dismiss Defendant's Rule 60(b) motion in South Dakota.  On March 6, 2007, the District Court in South Dakota granted the Trustee's Motion.  See Jones v. Swanson, 241 F.R.D. 625 (D. S.D. 2007).  Defendant then appealed the District Court's order of dismissal to the Eighth Circuit Court of Appeals.   The Eighth Circuit affirmed the District Court's denial of the Defendant's Rule 60(b) motion.  See Jones v. Swanson, 512 F.3d 1045 (8th Cir. 2008).  On July 17, 2008, the Trustee moved for relief from this Court's stay in order to pursue collection.  (#55.)

On November 30, 2009, a Writ of Garnishment was properly filed upon Garnishee Todd V. Swanson, M.D., L.P., L.L.P. ("Garnishee").  Subsequently, a Writ of Execution in Favor of Plaintiff was issued against Defendant in the amount of $441,126.70.  (See #78.)  The Garnishee timely filed its answers to the Writ of Garnishment, claiming that it holds no money of Defendant and further claiming that Defendant is employed by Texas entity, Avance (#81).  In reply to the Garnishee's answer, Plaintiff Trustee filed an Affidavit in Traverse (#86), averring inter alia that "the Garnishee's denial of liability is not a true and correct statement" and that "Swanson is transferring his earnings from the partnership bank account to [Avance] to avoid garnishment of his substantial earnings." (#86 at 3, 7.)   It is undisputed, that Garnishee holds Defendant's earnings (approximately $40,000 a month) in its bank account before those earnings are transferred to Avance, in Texas.  (#86)  Avance then writes Dr. Swanson a payroll check, for what he claims are "medical services" he provides "through Avance."  (#86 at 6.)

Plaintiff's current Motions seek that the Court issue an order prohibiting the transfer of Defendant's earnings from the Todd V. Swanson, M.D., L.P., L.L.P. account to Avance Corporate Service PLLC pursuant to N.R.S. § 21.330 "until Avance can be interpleaded as a party defendant to

the garnishment proceedings." (See #84 at 5.)  Defendant, puts forth two general arguments in

opposition to both of Plaintiff's instant Motions.  First, Defendant argues that Plaintiff's current

activities "sound in equity" and invoke the principle of unclean hands, thus precluding any

prohibition on transfer.  (#91.)  Defendant also argues that Plaintiff's Motions are barred by

Nevada's statute of limitations regarding alleged fraudulent conveyances.  (Id.)

## II. Legal Standard

As stated above, Plaintiff seeks that the Court issue an Order Interpleading Avance Corporate

Services, PLLC as a party defendant to the underlying garnishment action pursuant to N.R.S. §

31.350.  N.R.S. § 31.350 provides that:

> When the answer of the garnishee discloses that any other person than the defendant
> claims the indebtedness or property in the garnishee's hands, and the name and
> address of such claimant, the court shall, on motion and notice to all parties to the
> action including the garnishee defendant, order that such claimant be interpleaded as a
> defendant to the garnishee action . . .

Here, the Garnishee's answer to the Writ of Garnishment and interrogatories disclosed that Avance

claimed an interest owing to the defendant, in that "our firm contracts with [Avance] for

[Defendant's] professional services, and employ[ed] Dr. Swanson pursuant to a long-standing written

Employment Agreement."  (#81)

Accordingly, pursuant to N.R.S. § 31.350, the Court finds that Avance may properly be added

as a third-party to this garnishment action.  Because Avance will be added as a third-party per this

Order, the Court denies Plaintiff's instant Motion seeking an Order to Prohibit Transfer.  (See

Accordingly, pursuant to N.R.S. Chapter 31, Plaintiff, Defendant, Garnishee, and third-party

defendant Avance may proceed as interested parties subject to the jurisdiction of this Court in the

underlying garnishment action, including litigation arising from Plaintiff's fraudulent transfer claim.

**III. Conclusion**

   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Prohibit Transfer or Distribution (#84) is **DENIED**.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Interplead Avance Corporate Services PLLC (#85) is **GRANTED**.

   DATED this 28th day of September 2010.


_____
Kent J. Dawson
United States District Judge