UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD M. JONES, et al.,

    Plaintiffs,

v.

TODD V. SWANSON,

    Defendant.

Case No. 2:04-CV-00353-KJD-LRL

**ORDER**

    Currently pending before the Court is Defendant Todd V. Swanson's ("Swanson" or "Defendant") Motion to Dismiss and Vacate Pending Case (#99). Plaintiffs filed a Response in Opposition (#100), to which Defendant filed a Reply (#101).

    Defendant's Motion seeks that the Court dismiss the current action pursuant to 28 U.S.C. § 1963 and N.R.S. § 11.190(1)(a). Specifically, Defendant avers that the judgment Plaintiff registered and from which the current action arises has expired under Nevada's statute of limitations governing judgments, N.R.S. § 11.190(1)(a). The Court agrees.

    The Nevada Supreme Court has held that Nevada's six year statute of limitations on the registration of foreign judgment commences to run on "the date on which a valid foreign judgment is registered in Nevada." Trubenbach v. Amstadtler, 849 P.2d 288, 300 (Nev. 1993). Plaintiffs' original judgment was registered with this Court on February 17, 2004. It is Defendant's argument that because more than six years has elapsed since Plaintiffs filed their original judgment in this action, the action must be dismissed. Defendant is correct. N.R.S. § 11.190 provides that an action upon a judgment, or the renewal thereof, must be brought within six years.[1] In this case, the action

---

[1] Specifically, N.R.S. § 11.190 provides, in relevant part: "Actions other than those for the recovery of real property, unless further limited by specific statute, can only be commenced as follows:
    1. Within 6 years:

was timely commenced, and the Writ of Execution timely issued.[2]  (See ##68, 78).  As clearly pointed out in the Court's Order of September 28, 2010, (#102), shortly after the registration of judgment was filed, the Court stayed the proceedings.  (See #32).  On November 19, 2004, Defendant filed a Rule 60(b) Motion in the Federal District Court for the District of South Dakota in his underlying case.  Based, in part, on Defendant's Rule 60(b) Motion, this Court extended its stay on March 28, 2005.  (See #43.)  Subsequently, Richard Jones filed bankruptcy on May 5, 2005, and the Court again extended the stay on collection.  (See #52.)

During the stay of the judgment action here, the Trustee moved to dismiss Defendant's Rule 60(b) motion in South Dakota.  On March 6, 2007, the District Court in South Dakota granted the Trustee's Motion.  See Jones v. Swanson, 241 F.R.D. 625 (D. S.D. 2007).  Defendant then appealed the District Court's order of dismissal to the Eighth Circuit Court of Appeals.  The Eighth Circuit affirmed the District Court's denial of the Defendant's Rule 60(b) motion.  See Jones v. Swanson, 512 F.3d 1045 (8th Cir. 2008).  On July 17, 2008, the Trustee moved for relief from this Court's stay in order to pursue collection.  (#55).

Plaintiffs' Response seeks that the Court deny dismissal pursuant to the doctrine of equitable tolling due to the Court's ordered stay of this action.  Here however, though the Nevada Supreme Court has recognized that equitable tolling may apply under some circumstances, Plaintiffs provide no authority to support their argument that equitable tolling should apply to Nevada's statute of limitations for the registration of a foreign judgment.  To the contrary, in O'Lane v. Spinney, 874 P.2d 754,756 (Nev. 1994), the Nevada Supreme Court held that creditors who are unsure if a bankruptcy stay applies to them in a judgment action, "should assume that the stay is applicable and seek appropriate relief" by renewing or extending judgment.  The Nevada Supreme Court's reasoning in Spinney, together with a clear reading of N.R.S. § 11.190 support dismissal of this

---

(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or the renewal thereof."

[2] Writs of Execution were returned executed against Defendant on October 2, 2009, and December 3, 2009.

action, as the judgment Plaintiff registered and from which the current action arises has expired under N.R.S. § 11.190. In the interests of justice and judicial economy however, Plaintiff shall not be required to file a completely new action.

Under Nevada's controlling authority a party may renew a foreign judgment as long as the judgment remains valid and enforceable in the issuing state. Bianchi v.Bank of America, N.A., 186 P.3d 890 (Nev. 2008). Here, the registered judgment at issue is from South Dakota. South Dakota law provides that judgments are valid for a period of twenty (20) years. SDCL § 15-18-1 and SDCL § 15-2-6.[3] Because the original remittitur judgment from the issuing state remains valid until November 21, 2023, under South Dakota law, the judgment may be enforced in Nevada so long as it is properly registered. Accordingly, Defendant's Motion to Dismiss is denied without prejudice, subject to Plaintiffs' filing of a proper renewed certification of judgment within this jurisdiction.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Todd V. Swanson's Motion to Dismiss and Vacate Pending Case (#99) is **DENIED**, without prejudice, subject to Plaintiffs' renewal of judgment within this jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a renewed certification of judgment on or before January 31, 2011.

DATED this 22nd day of December, 2010.

_____
Kent J. Dawson
United States District Judge

---

[3] Plaintiff's Response (#100) concedes that the South Dakota judgment "needs to be re-filed to create another six year period [of limitations]." (#100 at 2.) Plaintiffs' Response further indicates that "out of an abundance of caution, the Trustee is filing a new certified judgment with this Court . . . in an effort to prevent further delay in collection." (Id.) To date, Plaintiff has not filed a renewed certification of judgment which would reset Nevada's statute of limitations for the registration of judgments.